**840**

SECOND DEPARTMENT, NOVEMBER, 1951.█

(November 19, 1951.)

█

In the Matter of FREDA K. RALPH, Respondent, against BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Appellants.— Motion to dismiss appeal granted, without costs, and appeal dismissed, without costs. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

THIRD DEPARTMENT, JUNE, 1952.

(June 13, 1952.)

█

JACOB MEYERSON, Respondent, v. MOLLIE WEISSMAN, Appellant.— Motion for reargument denied, without costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ. [See 279 App. Div. 952.]

█

In the Matter of FRANK M. ATKINS, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Motion for reargument or in the alternative for leave to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ. [See 279 App. Div. 966.]

█

In the Matter of the Claim of FRANCES PLUCINSKI, Respondent, against RORES LUNCHEONETTE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an award of the Workmen's Compensation Board which allowed death benefits to the widow and minor son of the deceased employee, and which allowed disability compensation. Decedent was employed as a dishwasher and counterman. Decedent alleged that he dropped a garbage can on the great toe of his left foot in the course of his employment. Gangrene developed and incipient Berger's disease. Following an operation he died as a result of pulmonary embolism. Upon a previous appeal this court has held, upon the same evidence, that the death was causally connected. (*Matter of Plucinski* v. *Rores Luncheonette*, 277 App. Div. 803.) The board has now made a finding of accident and causal connection. The record contains sufficient evidence to support the findings. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.